### Missouri Pacific Railway Company v. C. Behee.

#### No. 413.

1. **Libel—Privileged Communication.**—Where a railway company, for the purpose of preventing men found to be unsuitable from being re-employed in its service, publishes and circulates for its own use a list of discharged employes, showing the causes of discharge, such publication is privileged; and although it contains a false statement, damages therefor can not be recovered unless express malice be shown.

2. **Libel by Corporation.**—Corporations can be made liable in damages for publishing a libel, and can also entertain the express malice necessary to render them liable for such publication.

**3. Libel — Proof of Express Malice.**—Express malice, or malice in fact in publishing a libel, may be proved by circumstances; as by showing the falsity of the publication and a repetition thereof after notice.

**4. Verdict not Excessive.**—A verdict for $2000 against a railway company for blacklisting a brakeman by falsely publishing that he was discharged for incompetency, held not excessive.

APPEAL from Tarrant.    Tried below before Hon. R. E. BECKHAM.

*Finch & Thompson* and *Stedman & Thompson*, for appellant.—1. The publication complained of in this case, being made in the discharge of a duty, is privileged, and no recovery can be had for a false statement therein, unless express malice or evil motive is shown.    Railway v. Richmond, 73 Texas, 568; Townsh. on Lib. and Sland., 73, 241–245; Newell on Sland., 322, 315, 361; Bush v. Prosser, 11 N. Y., 365; Howard v. Sexton, 4 N. Y., 161; Rapalje Law Dict., title "Malice;" Fowler v. Bowen, 30 N. Y., 20.

2. The republication of a libel shown to be false is not of itself sufficient proof of express malice.    Hays v. Railway, 46 Texas, 273; Dillingham v. Russell, 73 Texas, 47; Townsh. on Sland., sec. 389; Samuels v. Mail Company, 75 N. Y., 604; Railway v. Ingley, 21 How., 202; Newell on Sland., 361.

*D. W. Humphreys* and *Ball & Ball*, for appellee.—1. The evidence was sufficient to show that appellant published and circulated the libel maliciously and with intent to injure appellee.    Behee v. Railway, 71 Texas, 430; Ogers on Lib. and Sland., 295; Belo v. Wren, 63 Texas, 686; Bacon v. Railway, 31 Am. and Eng. Ry. Cases, 362.

2. The republication of the libel after its falsity had been pointed out is a fact sufficiently evidencing malice.    Pierce on Railways, 368; Railway v. Marcelles, 2 Texas Law Rev., 123.

HEAD, ASSOCIATE JUSTICE.—In September, 1883, appellee was in the employ of appellant as brakeman, and on the 25th of said month voluntarily quit said employment.    In December following, appellant, for its own use, printed a pamphlet entitled, "Missouri Pacific Railway Company, leased and operated lines.    List of employes discharged for cause during the months of April, May, June, July, August, September, and October, 1883."    In said pamphlet appeared a large number of names, among which was that of appellee, and opposite his name, and in the column which gave the cause for which employes named in said list were discharged, was inserted the word "incompetent."    This list was distributed by appellant to its agents who had charge of the employing and discharging of its employes.    Appellant at this time was operating something near 6000 miles of railroad, and had in its employ something over

20,000 employes, and this list was issued to prevent men who were found to be unsuitable from being re-employed on other parts of its road. After appellee learned that his name was in this list he called on T. J. Ray, appellant's train master at Fort Worth, who had previously employed him, and called his attention to the injustice done him by this publication, and Ray, after investigating the matter, gave him a written statement that he had not been discharged on account of "incomptency," but had left the service of his own volition. After this, however, in March, 1884, appellant reissued this pamphlet, bringing it down to said month, and in said list appellee's name appeared as before.

On account of the publication of his name as aforesaid appellee was several times discharged upon the different lines of railway operated by appellant, and for the damage caused him by this publication he instituted this suit, and recovered judgment for $2000, from which this appeal is prosecuted.

Under previous decisions of our Supreme Court, it is quite plain that this publication, made under the circumstances and for the purposes set forth in the conclusions of fact, must be regarded as privileged, and although false, damages can not be recovered therefor against appellant unless express malice be shown. Behee v. Railway, 71 Texas, 424; Railway v. Richmond, 73 Texas, 568; Bradstreet Co. v. Gill, 72 Texas, 121.

That corporations can be made liable in damages for the publication of a libel is now well settled (see authorities cited above; also Railway v. Quigley, 21 Howard, 202; Fogg v. Railway, 148 Massachusetts, 513; Townshend on Slander and Libel, 470–475); and that they can also entertain the express malice necessary to render them liable for such publication seems also to be settled. Townshend, 475, cited above, with authorities referred to in note, some of which are not accessible to us.

As to what is meant by the express malice necessary to render the publisher of a privileged communication liable therefor, has been the subject of much controversy. Mr. Townshend, on page 68 of his work, in defining the terms express and implied malice, says: "Probably the phrase 'implied malice' is identical with the phrase 'malice in law,' and the phrase 'express malice' with the phrase 'malice in fact.'" And again, on page 300, the same author says: "Few rules of law are of greater practical importance than that which requires proof of express malice where the words were spoken under circumstances which make the communication privileged. The malice required to deprive communications of this sort of protection arising out of the making of the publication must be such as to induce the court, or any reasonable person, to draw the inference that the occasion has been taken advantage of to give currency to an unfounded charge."

It is well settled that this express malice, or malice in fact, can be proven by circumstances, and one of the most frequent methods of proving

it is to show the falsity of the publication and a repetition thereof after notice.    Behee v. Railway, 71 Texas, 424; Hays v. Railway, 46 Texas, 272; 1 Whart. on Law of Ev., 31.

In this case it is made to appear that the lists in question were published by order of A. A. Talmage, the general manager of appellant, and it is quite plain that Talmage personally entertained no ill will toward appellee, he not being acquainted with him or knowing that his name was in the book.    Talmage, however, only had the publication made; and it is not made to appear to whom the duty of ascertaining the information in reference to these employes was entrusted, nor how the appellee's name came to be inserted in these lists.    This information must have been accessible to appellant.    It must have known which one of its employes furnished this information.    In addition to the total lack of foundation for the charge against appellee, the publication was reissued after appellant's train master had full notice thereof.    This may have been done through mistake, but if so it would seem that appellant could have shown this more satisfactorily than is disclosed by this record.    As stated above, this is one of the methods of proving malice in fact, and in the absence of a clearer showing on the part of appellant, we are not prepared to say that the verdict of the jury finding that such malice should be imputed to it should be disturbed.

We realize how important some such system as this must be for the protection of persons or corporations employing large numbers of men, as well as to the public.    At the same time, where an unfounded publication has been repeated, under the circumstances detailed above, we can not say that the verdict of the jury finding malice in fact is not sustained by the evidence.

It seems that after appellee gave the notice to Ray, and received from him the statement referred to above, he several times sought employment on the different lines of appellant's railway, and after being engaged in good positions was discharged on account of his name appearing in the lists aforesaid, by reason of which he lost much time and was caused mental suffering and annoyance; and under the circumstances we do not regard a verdict of $2000 as excessive.

Let the judgment of the court below be in all things affirmed.

*Affirmed.*

Delivered January 3, 1893.

A motion for rehearing was overruled.