G. NICHOLS V. CHARLES WOODHULL EATON and the DES
MOINES LIFE ASSOCIATION, Appellant.

Libel: PRIVILEGED COMMUNICATION. A communication by a life
insurance company to its soliciting agent, with relation to an
alleged forgery, by an examining physician, of the signature to
an application for insurance, and informing him that another
physician would be appointed to make examinations, being upon
a subject relating to agency, and in respect to which there is a
mutual interest, is a privileged occasion.

MALICE: *Jury question.* In an action for libel, based upon a com-
munication that is privileged, the question whether there is such
excess of statement in the communication as to constitute evi-
dence of malice is for the jury.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON,
Judge.

SATURDAY, FEBRUARY 3, 1900.

ACTION for libel. Defendant Eaton denied generally,
and also pleaded that the alleged libel was privileged. The
other defendant denied the allegations of the petition not
expressly admitted; admitted its corporate capacity, and
that defendant Eaton was its medical director. It avers that
the alleged libelous publication was in a letter written by an
employe to its duly-authorized agent in the town where
plaintiff lived; that said letter was written in good faith,
and without intention to injure the plaintiff, and without
malice; and that the publication was made in the discharge
of a duty it owed to its agent. On the trial the action was
dismissed as to defendant Eaton, and a verdict and judg-
ment were rendered for plaintiff, as against the association,
for the sum of two thousand three hundred dollars. The
association appeals.—*Reversed.*

*A. H. Evans, Carr & Parker,* and *Geo. R. Sanderson,*
for appellant.

*Guernsey & Granger* for appellee.

DEEMER, J.—Appellant is a life insurance association incorporated under the laws of Iowa, with its principal place of business at Des Moines. Defendant Eaton was its medical director, and one Dohaney was its clerk and bookkeeper. W. T. Botts was soliciting agent for the association at the town of Higbee, Mo., and plaintiff was its medical examiner at that place. The application of one A. P. Milnes for insurance was prepared by plaintiff, signed by the applicant, and turned over to the soliciting agent, Botts, after plaintiff had examined Milnes. The application was then forwarded to the defendant company. After being received by the association, it was given to the medical director, Eaton, who made some minutes thereon, and passed it to Mr. Dohaney, to prepare and forward an answer. Dohaney prepared, addressed, and mailed the following to Botts, the soliciting agent: "Des Moines, Iowa, Jan. 11, 1896. W. T. Botts, Higbee, Mo.—Dear Sir.: I write you in reference to medical examiner at Higbee. I have before me the application of Adolphus P. Milnes. This application shows on the face of it to be a forgery of his signature, and it is written by Dr. Nichols instead of the applicant. He has fallen down in his undertaking to imitate the handwriting of the applicant, by his misspelling the name. We have returned the application to the doctor, and given him to understand that it must be corrected at once; and you are hereby notified that in the future no more examinations will be accepted, when made by Dr. Nichols. We will appoint another physician at your place, and will notify you of appointment of same. We have no longer any confidence in Dr. Nichols, and, as above stated, we cannot accept any more examinations made by him. Very resp., yours, Chas. Woodhull Eaton, Medical Director."

The court, after stating defendant's claim that the letter was privileged, instructed as follows: And, as to

this claim of the said defendant, you are instructed that the said letter or communication, made and published in the manner and under the circumstances under which the same was made and published, was not a privileged communication, and the circumstances under which the same was made and published did not justify the defendant in so making and publishing the same." It further instructed that the letter was libelous *per se*, and that the only matter for the jury to consider was the amount of damages. Claim is made that the instructions are erroneous, for the reason that the letter was conditionally privileged; that is to say, that the occasion was such as to rebut the presumption of malice arising from the publication, and to cast the burden on plaintiff of proving malice in fact. On the other hand, it is contended that the occasion was not privileged, and that, if privileged, the communication was in excess of the privilege. Privileged communications or publications are of two kinds: *First,* absolute; *second,* conditional or qualified. When the communication is absolutely privileged, no action will lie for its publication, no matter what the circumstances under which it was published. When qualified, however, the plaintiff may recover, if he shows that it was actuated by malice. In determining whether or not the communication was qualifiedly privileged, regard must be had of the occasion, and of the relationship of the parties. One may make a publication to his servant or agent, without liability, which, if made to a stranger, would be actionable. In the protection of his own interests, one may make a communication to his agent or servant without subjecting himself to liability, unless he exceeds the privilege, and does more than his duty or interest demands. Again, when one has an interest in the subject-matter of a communication, and the person to whom it is made has a corresponding interest, every communication honestly made in order to protect such common interest is privileged, by reason of the occasion. Generally this interest must be a

pecuniary one, but it may arise out of the relationship or status of the parties. The statement must be such as the occasion warrants, and must be made in good faith to protect the interests of the publisher and the person to whom it is addressed. A communication by a principal to his agent touching the business of the agency is not actionable, without proof that the principal was actuated by malice towards the person to whom the communication relates. Now, the evidence in this case does not show very clearly whether the Milnes application was forwarded to the association by plaintiff or by the soliciting agent. From the fact that the letter regarding the application was sent to Botts, it would appear that he had sent the application. But, be this as it may, Botts, as soliciting agent, was entitled to know who was the accredited medical examiner of the association at the town where he was taking applications. The company also had the right to inform its soliciting agent of the discharge of its medical examiner in the locality where the soliciting agent was operating. The occasion was undoubtedly privileged, and it was the duty of the court to so instruct the jury. Appellee says that, conceding the occasion was privileged, defendant went beyond the privilege, and rendered itself liable. This argument presents a question that is new to this court, and one on which the authorities are in apparent conflict. Decision of the point involves a consideration of the reasons underlying the doctrine of privilege. Ordinarily, proof of a defamatory publication, charging another with the commission of a crime, makes out a *prima facie* case of malice in the author. But a privileged communication is an exception to the rule. In such case the presumption of malice is rebutted, and the burden of proving the existence of this element of the action is on plaintiff. In other words, actual malice must be shown. *While v. Nicholls,* 3 How. 286 (11 L. Ed. 591); *Bridges v. Garret,* 111 Pa. St. 414 (2 Atl. Rep. 513); *Bearce v. Bass,* 88 Me. 521 (34 Atl. Rep. 411); *Bacon v. Railroad*

*Co.*, 66 Mich. 166 (33 N. W. Rep. 181), is an instructive and well-considered case on this point. It is there said: "The meaning in law of a privileged communication is that it is made on such an occasion as rebuts the *prima facie* inference of malice arising from the publication of matter prejudicial to the character of plaintiff, and throws on him the onus of proving malice in fact, but not of proving it by extrinsic evidence only. He has still a right to require that the alleged libel itself shall be submitted to the jury, that they may judge whether there is any evidence of malice on the face of it. * * * The effect, therefore, of showing that the communication was made on a privileged occasion is *prima facie* to rebut the quality or element of malice, and casts upon the plaintiff the necessity of showing malice in fact (that is, that the defendant was actuated by ill will in what he did and said, with a design to causelessly or wantonly injure the plaintiff) ; and this malice in fact, resting, as it must, upon the libelous matter itself, and the surrounding circumstances tending to prove fact and motive, is a question to be determined by the jury."

Plaintiff relies on some expressions found in the books to the effect that, if the communication exceeds the privilege, it destroys the privilege. Thus, Mr. Odgers, in his work on Slander and Libel, says: "But it must be remembered that, although the occasion may be privileged, it is not every communication made on such occasion that is privileged. 'It is not enough to have an interest or duty in making the communication. The interest or duty must be shown to exist in making the communication complained of.' *Per Dowse,* B., 6 L. R. Ir., at page 269. A communication which goes beyond the occasion exceeds the privilege." (Page 197). Again, at page 245, it is said: "So, too, in making a communication which is only privileged by reason of its being made to a person interested in the subject-matter thereof, the defendant must be careful not to branch out into extraneous matter with which such person is uncon-

cerned. The privilege only extends to that portion of the communication in respect to which the parties have a common interest or duty." We have recognized some of the rules here announced. See *State v. Haskins,* 109 Iowa, 656. There the occasion was not privileged, because made to persons who were in no manner interested in the publication. The doctrines announced by Mr. Odgers, some of which are even stronger than we have quoted, have produced some confusion in the authorities; and we think the better rule is that if the occasion is privileged, and the publication is about a matter in which both parties have an interest, excess of statement is material only as bearing on the question of malice. Indeed, the jury may find the existence of malice from the language of the communication itself, as well as from extrinsic evidence. *Hastings v. Lusk,* 22 Wend. 410-421; *Nevill v. Insurance Co.,* [1895] 2 Q. B. 156; *Railway Co. v. Behee,* 2 Tex. Civ. App. 107 (21 S. W. Rep. 384.) Whether the publication is or is not privileged by reason of the occasion is a question of law, for the judge alone, where there is no dispute as to the circumstances under which it was made. If the judge decides that the occasion was one of qualified or conditional privilege only, the plaintiff must then, if he can, give evidence of actual malice on the part of the defendant. If he does give any evidence, which, as we have said, may be gathered from the publication itself, the question of bona fides becomes one of fact, for the jury. 1 Am. Lead. Cas. (5th ed.) 193; *Gray v. Pentland,* 4 Serg. & R. 420; *Hart v. Reed,* 1 B. Mon. 166; Newell, Slander & Libel, p. 478. In *Hill v. Drainage Co.* (Sup.) 29 N. Y. Supp. 427, it is said: "In case a communication is prima facie privileged, the existence or nonexistence of malice on the part of the defendant is a question of fact; and the plaintiff, before he can recover, must affirmatively establish to the satisfaction of the jury that the publication complained of was made through malice. This may be shown from the communication, the circumstances under

which it was written, and it may be inferred from a variety of facts. * * * The occasion was privileged. Did the publication go beyond the occasion, or, in other words, was more written than the occasion justified? This depends upon the terms of the communication, and the facts outside of it, and was an issue of fact, for the jury." See, also *Comfort v. Young,* 100 Iowa, 627; *Strode v. Clement,* 90 Va. 553 (19 S. E. Rep. 177); *Klinck v. Colby,* 46 N. Y. 427.

The instructions given by the trial court were, for the reason stated, erroneous. We do not overlook the plaintiff's claim that the question is not raised by proper assignments of error. An examination of the record convinces us that they are sufficient.

II. Defendants contend that the answer tendered an issue as to the authority of the agent to write the letter, and that the court erred in not submitting that issue. We do not think the record sustains their claim. The writing of the letter was admitted, and we find no pleading questioning the authority of the writer to bind the company. For the reasons pointed out the judgment of the district court is REVERSED.

GRANGER, C. J., not sitting.