## ROGERS et al. v. SHELL PETROLEUM CORPORATION et al.

### No. 9628.

Court of Civil Appeals of Texas. Galveston.

Dec. 17, 1931.

Rehearing Denied Jan. 14, 1932.

John B. Warren, of Houston, for plaintiffs in error.

Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., and Cyrus S. Gentry and Boyles, Brown & Scott, all of Houston, for defendants in error.

GRAVES, J.

A sufficient statement of the nature and result of the cause, as well as of the considerations upon which it was determined there, is contained in these findings of fact and law filed by the learned judge of the trial court:

"General Statement:

"This suit was filed by Josephine B. Rogers and John B. Warren against Shell Petroleum Corporation and First National Bank of Houston, Texas, to recover the sum of $3,000.00, which was placed in the First National Bank in escrow by Shell Petroleum Corporation as delay rentals under a lease executed by Josephine B. Rogers and John B. Warren to Roxana Petroleum Corporation (now Shell Petroleum Corporation), on several thousand acres of land in Brazoria County, Texas, the title to which was in litigation in cause #18020, in the District Court of that county, entitled Josephine B. Rogers vs. T. J. Poole, et al. The lease and escrow agreement (executed when the first rental was deposited in the bank) provided that the escrow money was to be paid to Josephine B. Rogers and John B. Warren 'When it shall be finally determined, whether by final judgment, agreement or otherwise, that the aggregate of all the full and fractional fee interest in lands lying within said grants, leagues and surveys, and all of the same, owned by said Lessors, and covered by said lease, shall be equal to a full fee interest in 3000 acres of land'; and if such interest amounted to less than the 3000 acres, a proportionate part of said escrow money was to be paid to Plaintiffs.

"An agreed judgment was entered in the Brazoria County suit awarding to Josephine B. Rogers certain undivided interests in said properties amounting in the aggregate to more than 3000 acres; immediately thereafter Josephine B. Rogers reconveyed to the Defendants T. J. Poole et al. all interest acquired by her under the agreed judgment, except a one-sixteenth (1/16th) royalty in an undivided nineteen-sixty-fourths (19/64ths) of the Huntington 770.1 acres and the Cox 164 acres; at the same time Defendants T. J. Poole et al. paid Mrs. Rogers the sum of $500.00 in cash.

"Plaintiffs claim that the judgment established the interest of Mrs. Rogers at more than 3000 acres, and that they are therefore entitled to the full $3,000.00.

"Defendant, Shell Petroleum Corporation, claims that the entire transaction must be

viewed, and, as finally determined, the interest of Mrs. Rogers was not a fee simple interest in any portion of the property; that Plaintiffs were therefore entitled to recover nothing.

"Defendant First National Bank is in the suit merely as a stake holder.

"Findings of Fact:

"1. I find that Plaintiffs, Josephine B. Rogers and John B. Warren, entered into the Oil, Gas & Sulphur Lease dated August 31, 1925, as fully set out in the third paragraph of Plaintiff's original petition.

"2. I further find that at the time of the execution and delivery of said lease Plaintiff, Josephine B. Rogers, had a suit pending in the District Court of Brazoria County, Texas, against T. J. Poole, et al. Defendants, being cause #18020, in which suit Defendant, Roxana Petroleum Corporation, had been made a party: that in said suit the said Josephine B. Rogers was seeking to establish her interest in the real estate described in said mineral lease.

"3. I find further that on August 30, 1926, Plaintiffs, Josephine B. Rogers and John B. Warren, and Defendant, Roxana Petroleum Corporation entered into the escrow contract and agreement set out in the fifth paragraph of Plaintiffs' original petition; that after the execution of such escrow contract and agreement, Plaintiffs dismissed Roxana Petroleum Corporation from said cause #18020.

"4. I further find that in accordance with said agreement, rental monies in the total sum of $3,000.00 were deposited by Roxana Petroleum Corporation with Defendant, First National Bank of Houston, Texas, under certificates of deposit #17222, #18142, and #19529, dated respectively August 30, 1926, August 31, 1927, and August 28, 1929, said certificates being for the sum of $1,000.00 each, and bearing interest at the rate of 3½% per annum.

"5. I further find, in addition to the $3,000.00 rental placed in said bank by Roxana Petroleum Corporation, that Roxana Petroleum Corporation paid Plaintiffs, Josephine B. Rogers and John B. Warren the sum of $2,000.00 as a bonus for executing said lease described in the third paragraph of Plaintiffs' original petition.

"6. I further find that sometime in the fall of 1929 a settlement agreement was made by the Plaintiff and Defendants in said cause #18020 in the District Court of Brazoria County, Texas, by which agreement the interested owned by Josephine B. Rogers in the lands in controversy was determined; that by the terms of said agreement Josephine B. Rogers was to receive a one-sixteenth (1/16th) royalty in an undivided nineteen sixty-fourths (19/64th) interest in the Huntington tract of 770.1 acres, and a one-sixteenth (1/16th) royalty in an undivided nineteen sixty-fourths (19/64ths) interest of the Cox 164 acre tract; that by said agreement Mrs. Rogers was not to receive any full or fractional fee simple interest in any of the property in controversy.

"7. I further find that after said compromise agreement had been entered into by Mrs. Rogers and the Pooles, Mr. Warren came to the office of H. W. Penterman, who was in charge of the Land Department of Defendant, Roxana Petroleum Corporation to discuss the means of carrying into effect such compromise agreement; that at such conference the said John B. Warren informed the said H. W. Penterman that they had settled the Poole suit; that he wanted to get the $3,000.00 in the bank; and they had agreed that the form of settlement should be a judgment in favor of Mr. Poole et al. against Mrs. Rogers. He then asked if the Defendant Roxana Petroleum Corporation, now Shell Petroleum Corporation, would release the delay rental money of $3,000.00 held by the First National Bank, if judgment were entered in the Brazoria County case in favor of Defendants Poole et al., and reserving to Plaintiff Josephine B. Rogers a one-sixteenth (1/16th) royalty in an undivided nineteen sixty-fourths (19/64th) interest in the Huntington and Cox tracts, as above set out; that the said H. W. Penterman told the said John B. Warren that the matter would ultimately have to be passed upon by the attorneys for Shell Petroleum Corporation, but that in his opinion the attorneys would not authorize a release of the money if the judgment were in favor of the Defendants Poole et al.; that Mr. Penterman further told Mr. Warren that if the question had been fought out, and they got a bona fide judgment in favor of Mrs. Rogers, Shell would then be obligated to release the money.

"8. I further find that after such conference the parties to the Brazoria County suit changed the procedure of carrying into effect their agreement of settlement; that under the new procedure the judgment was to be in favor of Mrs. Rogers for all the land in controversy; that immediately after such judgment was entered, or contemporaneously therewith, Mrs. Rogers was to deed to the Defendants Poole et al. all of the land in controversy, reserving to herself only a one-sixteenth (1/16th) royalty in an undivided nineteen sixty-fourths (19/64ths) interest in the Huntington and Cox tracts; that as a part of said settlement Defendants Poole et al. were to pay Mrs. Rogers $500.00 in cash; that after the entry of said judgment and the execution of said deed; plaintiff John B. Warren called upon said Shell Petroleum Corporation to release the money in escrow; that Defendant Shell Petroleum Corporation refused to release such money, and notified defendant First National Bank not to pay over

said money to Plaintiffs until authorized so to do by Defendant Shell Petroleum Corporation.

"9. I further find the change in the method of carrying into effect the settlement agreement in the Brazoria County case was made solely for the purpose of enabling the said John B. Warren and Josephine B. Rogers to obtain from Defendant First National Bank the delay rentals of $3,000.00 held by such bank in escrow; that no change was made in the settlement agreement; that the only change made was in the procedure or method of carrying such agreement into effect.

"10. I further find that the only interest in said property finally determined to belong to the said Josephine B. Rogers and/or John Warren was a one-sixteenth (1/16th) royalty interest in an undivided nineteen-sixty-fourths (19/64ths) interest in the Huntington 770.1 acres and the Cox 164 acres; that the only interest in said land ever established in said Plaintiffs was said royalty interest.

"11. I further find that Defendant, Shell Petroleum Corporation, offered testimony to show the relative value of a royalty interest and a fee simple interest; that because such testimony was objected to by Plaintiffs, the same was ruled inadmissible by the court.

"12. I further find that the sum of $100.00 is a reasonable attorney's fee for the services rendered by the attorneys for Defendant, First National Bank of Houston, Texas.

"Conclusions of Law:

"1. I conclude as a matter of law that the interest of Plaintiff Josephine B. Rogers, in the lands covered by the lease, to Roxana Petroleum Corporation, dated August 31, 1925, was finally determined by the settlement agreement entered into between Josephine B. Rogers, Plaintiff, and Mr. Poole, et al., Defendants, sometime prior to the entry of the final judgment in said Brazoria County suit; I further conclude that the question as to whether Plaintiffs are entitled to all or any part of the $3,000.00 in escrow with the First National Bank of Houston, Texas, is to be determined by ascertaining the fee simple interest established in Plaintiff by such agreement for settlement.

"2. I further conclude that the judgment in the Brazoria County suit entitled Josephine B. Rogers v. T. J. Poole et al. did not finally determine the interest of the said Josephine B. Rogers in the land in controversy, but was only a step in carrying out the agreement for settlement in that cause.

"3. I further conclude that said judgment in the Brazoria County case is not res judicata as to any issue in this case.

"4. I further conclude that Defendants in this case are not making a collateral attack upon said Brazoria County judgment, because the validity of such judgment is admitted, but it is not conclusive of the rights of the parties herein, which rights were fixed by the settlement agreement above referred to.

"5. I conclude that the said Josephine B. Rogers never acquired under said Brazoria County judgment the beneficial title to any fee simple interest in the land covered by the lease to Roxana Petroleum Corporation; that said judgment had only the effect of placing momentarily in said Plaintiff the naked legal title to a portion of such lands.

"6. I conclude that said Brazoria County judgment was only incidental to the establishment of Plaintiff's rights in said land, and no more effect should be given thereto than if the same result had been accomplished by a deed of conveyance.

"7. I conclude that Plaintiffs are not entitled to any part of the $3,000.00 placed in escrow, because they have not showed that they ever acquired a fee simple interest in any portion of said property.

"8. I further conclude that it would be a fraud in law (though I do not believe it was so intended in fact) to hold that the Brazoria County judgment established in Josephine B. Rogers a beneficial fee simple interest in excess of 3,000 acres.

"9. I further conclude that Defendant, First National Bank of Houston, Texas is entitled to recover the sum of $100.00 as reasonable attorney's fees, and all costs of court, from Plaintiffs Josephine B. Rogers, John B. Warren and from Defendant, Shell Petroleum Corporation.

"10. I further conclude that Defendant, Shell Petroleum Corporation, is entitled to recover all costs of this suit from Plaintiffs Josephine B. Rogers and John B. Warren, and is entitled to judgment authorizing the First National Bank to pay to Defendant, Shell Petroleum Corporation, said delay rentals of $3,000.00 deposited with said bank, together with all accrued interest thereon.

"The foregoing findings of fact and conclusions of law are on this 7th day of October, 1930, signed in my official capacity and are ordered to be filed with the papers in this cause.

"[Signed] Ewing Boyd, Judge 55th
Judicial District Court,
Harris County, Texas."

No attack is made upon any of these fact findings as lacking support in the evidence; appellants making in sum and substance but these contentions in this court:

(1) "The judgment is contrary to law, and the undisputed evidence in this: the undisputed evidence showed that plaintiffs' interest in the lands leased by plaintiffs to the Shell Petroleum Corporation had been established by judgment as being in excess of 3,000 acres, and, under the contract between the plaintiffs and defendant, plaintiffs were

entitled to all of the rentals in the Bank with accumulated interest thereon."

(2) "If the judgment in cause No. 18020 did not establish the amount of land owned by plaintiffs in the land awarded to them, the court could not lawfully render any judgment requiring the Bank to pay over said rentals to the defendant, because plaintiffs have the contract-right that said moneys shall remain with the Bank as an interest-bearing deposit, until such acreage is established."

(3) "At the conclusion of the evidence, and argument of the attorneys, the court having announced from the bench a judgment for the plaintiffs for all of the rentals in controversy, and a judgment for the Bank for $100.00 as attorneys fees, same to be taxed as costs, and having instructed the plaintiffs attorney to draft such judgment, the court should have instructed the Clerk to enter such a judgment when same was presented to him, and he erred in refusing to do so when the draft of the judgment announced was presented to him, for the entry of the judgment as announced was a mere ministerial duty and act, and until the judgment announced had been set aside by the court, he could not lawfully refuse to enter the judgment as announced from the bench."

None of these presentments, we conclude, should be sustained; rather, the findings of both fact and law as made below are adopted here, the former being not only unchallenged, but resting on undisputed testimony, and the latter being, in our opinion, accurately declaratory of the law arising on them.

■ Appellants' insistence that the pleading and proof of what the trial court thus found to have been the real agreement between the parties whereby Mrs. Rogers' interest in the lands was finally fixed at 1/16 royalties in undivided 19/64ths each of the Huntington 770 acres and the Cox 164 acres, instead of "a full fee interest in 3000 acres" of the lands as a whole, amounted to no defense against their claim for the escrow money, because it constituted an unallowable collateral attack on the agreed judgment in No. 18020 that had become res adjudicata otherwise of the whole matter between the parties, is clearly not tenable; no attack, collateral or otherwise, was made on that judgment, rather it was affirmed pro tanto, but was thus indisputably shown not to have comprehended the entire agreement of the parties, being by itself a mere incident in the final determination of their rights, which contemplated and included (1) that judgment, (2) a consequent reconveyance from Mrs. Rogers to the Pooles with the reservation to herself of the two small royalty interests, (3) the payment to her by them of $500.00, and (4) her subsequent collection from the appellee of the $3,000.00 of escrow money. The principles of collateral attack and of res adjudicata, as applied to this judgment, therefore fall short of getting anywhere. It seems obvious that the judgment was merely an integral part of, as well as an intermediate process in arriving at, the final determination between the disputants concerning it of what Mrs. Rogers' interest in the lands was, not a separate nor independent transaction; accordingly, as the able trial judge put the whole matter, it "was only incidental to the establishment of Plaintiff's rights in said land, and no more effect should be given thereto than if the same result had been accomplished by a deed of conveyance." Otherwise, no occasion nor consideration appears for the Pooles' having permitted the agreed upon judgment to be entered against them.

And that this ex curia establishment of Mrs. Rogers' interest, so found by the trial judge to have been made, was such a final one as to require the return of the escrow money to the appellee, seems equally plain; it as permanently as contracting parties can agree upon fixed her interest at merely a 1/16 royalty interest in a 19/64ths fee interest in a total of 934.1 acres of land. Furthermore, the lease taken by the Petroleum Corporation was undisputedly shown to have long since expired, wherefore the entire basis for the impounding of the funds in her favor having adversely ceased and been determined, nothing remained for the court to do other than to return them to their owner.

■ As concerns the remaining insistence that the court should have entered a formal order setting aside a previous oral announcement from the bench of a holding in favor of appellants, before entering the final judgment for the appellee that is appealed from, this reply from the latter's brief here, we think, is conclusive: "The record does not show that any judgment was ever rendered in the cause prior to the entry in favor of the defendant. There was no order of record requiring a further order setting it aside. But one judgment was entered, and the Court having finally determined the issues in favor of the defendant, it was perfectly proper to enter a decree in its favor without any formal order setting aside a previous conclusion announced from the bench, but not included in the record of the case."

Under these conclusions, an affirmance should enter; it will be so ordered.

Affirmed.