## BEXAR COUNTY v. GAZLEY.
### No. 11328.

Court of Civil Appeals of Texas.
San Antonio.

June 9, 1943.

Rehearing Denied July 7, 1943.

John R. Shook and S. Benton Davies, both of San Antonio, for appellant.

Robert G. Harris, of San Antonio, for appellee.

PER CURIAM.

This is a suit by Henry L. Gazley, Official Shorthand Reporter of the District Court, 57th Judicial District, Bexar County, Texas, against the County of Bexar, seeking to recover his official salary for the months of October, November and December, 1942.

The trial was before the court without the intervention of a jury as an agreed case under the provisions of Rule No. 263, Texas Rules of Civil Procedure. The facts are fully set forth in the agreed statement of the case. Judgment was rendered in favor of Gazley against the County in the sum of $900, being three months' salary at $300 per month; from which judgment the County has prosecuted this appeal.

Honorable Everett F. Johnson, now deceased, was Judge of the 57th District Court on May 6, 1942, at which time, acting by authority of Art. 2321 of the Revised Civil Statutes of the State of Texas, he reappointed Henry L. Gazley Official Shorthand Reporter for said 57th District Court. Henry L. Gazley then took the oath of office prescribed by Art. 2322, R. C.S., and in every respect fully qualified as such Official Shorthand Reporter, and has continued to act as such reporter up to and including the present time. He was appointed to serve during the pleasure of the Court as is provided by said Art. 2321. During May, 1942, Judge Johnson answered the call of his country and was commissioned a First Lieutenant in the Army Air Corps of the United States. On October 1, 1942, Judge Johnson lost his life in an Army transport crash.

The one and only question here presented is, did the death of Judge Johnson terminate Gazley's term of office as such Reporter? We have concluded that it did not. It is significant that Art. 2321, supra, provides that the Reporter shall be appointed by the "Judge" but shall serve during the pleasure of the "Court." The "Judge" may act as a judge in vacation, in chambers, or at any and all places, but he can only act as a court when he is in his court room and while the court is open and in session. When Judge Johnson met his death he ceased to be the Judge of the 57th District Court, but the Court continued to exist and will continue to exist unless and until it is abolished by an act of the Legislature. On October 1, 1942, Judge Robert W. B. Terrell was acting as Special Judge of the 57th District Court, but refused to act further as such Special Judge after he was informed of the death of Judge Johnson. However, several District Judges of this State were designated by Hon. W. W. McCrory, Presiding Judge of the Fourth Administrative Judicial District, to hold court in the 57th District Court, and such judges did hold court and transact a great deal of business in said court.

There can be no question but that Gazley was appointed for a term of at least two years unless sooner discharged by the Court. He was never discharged by any judge presiding in the 57th District Court and, therefore, it was the pleasure of the Court to have him serve for the months of October, November and December, 1942.

It is true that a deputy sheriff or a deputy clerk is discharged by the death of his principal, but this presents quite a different matter. Such deputies and clerks act for their principals and their principals

are responsible upon their official bonds for the acts of their deputies. It follows that when such principals cease to hold office their deputies also cease to hold office.

A Court Reporter is in no sense a deputy, he does not act for or in place of any principal, but has his own official duties to perform and he serves at the pleasure of not the Judge but the Court.

This is a case of first impression in this State, and therefore we are unable to cite any Texas cases in point. However, we do cite the case of People v. Kelley, an opinion by the Appellate Court of Illinois, reported in 134 Ill.App. at page 642, which supports our holding herein.

Appellant cites State ex rel. v. Gordon, 238 Mo. 168, 142 S.W. 315, Ann.Cas.1913A, 312, but the wording of the Missouri statute is so different from the wording of Art. 2321, supra, that we feel that case is easily distinguishable from the case at bar.

We find no error in the judgment of the trial court and it is accordingly affirmed.