**J. T. CANALES, Appellant,**

v.

**E. D. SALINAS, Appellee.**

**No. 12869.**

Court of Civil Appeals of Texas.
San Antonio.

Jan. 25, 1956.

Rehearing Denied Feb. 23, 1956.

Perkins, Floyd & Davis, Alice, Samuels, Brown, Herman & Scott, Fort Worth, James L. Abney, Houston, for appellant.

Hall & Hall, Gordon Gibson, Laredo, for appellee.

POPE, Justice.

This is a venue suit in a libel action. Appellee, E. D. Salinas, a resident and District Judge of Webb County, filed a libel suit in Webb County against J. T. Canales, who filed a plea of privilege to be sued in Cameron County, his residence. This appeal presents two problems. The first question presented is whether the court sustained the defendant's plea of privilege and, if so, whether the court withdrew its order while it had jurisdiction over the order. The second point is whether Judge Salinas proved a libel action in the venue hearing.

During March of 1954 the parties submitted the venue matter before Judge R. D. Wright, Judge of the 49th District Court of Webb County. Judge Wright, on July 21, 1954, wrote a letter to the attorneys in which he stated:

"The Court on this 21st day of July, 1954, pronounced its order and judgment on the plea of privilege, sustaining the plea and ordered venue changed to Cameron County, Texas."

· Judge Wright, in the next paragraph of his long letter, stated that he was enclosing an unsigned copy of a suggested order but would not sign it until all persons had an opportunity to make suggestions. He then continued to write at length, what he called, his "observations" about the case. Plaintiff's counsel promptly objected in writing and in person to the above statement contained in the letter. Judge Wright never signed an order sustaining the plea of privilege and the order, still unsigned, is a part of the transcript. There was no effort to compel the entry of the order by motion to enter judgment nunc pro tunc or by mandamus. Appellant, Canales, urges that the letter of July 21st is a valid order and is res judicata.

During December of 1954, Judge Eugene Williams, Judge of the 37th Judicial District of Bexar County, was assigned to the 49th Judicial District. Upon the trial, Judge Williams overruled the plea of privilege and denied the plea that venue had already been determined. In our opinion, Judge Williams' order is supported by the record.

■ The occurrences following the receipt of Judge Wright's original letter were disputed, but we must presume that the decision by Judge Williams is based upon the whole record made before him, and that all material facts were determined in support of his judgment and against appellant. Among those facts in support of Judge Williams' order are these: Upon receipt of the letter which invited suggestions from counsel, appellee's attorney, on July 23, 1954, filed a motion wherein he asked that the announced but unsigned and unentered order be set aside and also that the order be changed by keeping venue in Webb County. The motion was labeled "motion." Judge Wright testified that appellee's counsel asked leave to file the motion, but "before you ever did so, I advised you, to my best impression I advised the other side that I had retracted that verbal pronouncement." He stated that appellee's counsel "never got an opportunity to file his motion for rehearing because before he did I notified

him I was wiping everything off the slate." Judge Wright testified that he so informed appellant's counsel and that testimony is not denied. Judge Wright stated that the docket entry, "July 21, 1954, Order on Plea of Privilege," was made without his knowledge or authority. That fact was not denied. The entry had been lined out. No entry of an order was made in the minutes. In further support of these facts, counsel for Judge Salinas wrote appellant's counsel on July 29, that the matter would be re-considered on August 9th. On July 31st, appellant's counsel asked that the motion to reconsider venue be passed, and on his request it was thereafter passed from time to time. Judge Wright's testimony shows a prompt and complete withdrawal by a subsequent pronouncement.

■ The things written in Judge Wright's original letter, to be a valid order of a court, must be pronounced in open court. See, Universal Life Ins. Co. v. Cook, Tex.Civ.App., 188 S.W.2d 791; Bexar County v. Gazley, Tex.Civ.App., 172 S.W.2d 702; Davis v. Moore, Tex.Civ.App., 131 S.W.2d 798, 801; Isbill v. Stovall, Tex. Civ.App., 92 S.W.2d 1067, 1070; 1 McDonald, Civil Practice, § 1.02. But, without regard to that matter, Judge Wright had control over his judgment until the term expired, which was a period of thirty days. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148; Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951. During that time the court could amend, reverse, or annul its judgments. Wood v. Wheeler, 7 Tex. 13; Winton v. Davenport, Tex.Civ.App., 275 S.W.2d 725; Rogers v. Shell Petroleum Corporation, Tex.Civ.App., 45 S.W.2d 743, 746. The evidence supports the idea that Judge Wright, within two days, and certainly within the time he had control over his judgment, withdrew it and wiped the slate clean. In Creswell v. Pruitt, Tex.Civ.App., 239 S.W.2d 165, 166, the trial court had announced in open court that a plea of privilege was overruled. Ten days later the trial judge signed an order which sustained the plea of privilege. The Court of Civil Appeals held that the trial court had plen-

ary powers during term time over its judgments, pronounced or entered, and then stated:

"There is no affirmative showing in the record that the judgment pronounced by the court on November 20th was not by a similar announcement from the bench set aside prior to the entry of the written judgment on November 30th. If, under the circumstances, the effect of the order entered on November 30th was not to set aside the prior announced order or judgment, then in support of the validity of the written order it should be presumed that such announced judgment was set aside."

In the instant case Judge Wright affirmatively testified about his actual and timely pronouncement which withdrew and annulled any former pronouncement.

■ Appellant reasons further that the appellee lost his rights when he failed to appeal within twenty days from the date of the letter. The filing of the motion may have been an unnecessary thing if treated as a motion for new trial. Rule 385(e), Texas Rules of Civil Procedure. The controlling matter, however, is what the court did. If the court timely set aside the order, as Judge Williams must have decided Judge Wright had done, that ended the order whether a motion was filed or not. Judge Wright did not intend his letter to be an order of the court, for, with the letter, he submitted a draft of his proposed order. At most the letter was a pronouncement. Appellant argues that Rule 385, T.R.C.P., required an appeal within twenty days from the date of the letter, failing which appellee lost his rights. The argument overlooks Rule 306a, T.R.C.P., which declares that in determining the periods for appeal the rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. Moreover, there would be no occasion to appeal from an order that was withdrawn. Giving effect to all implied findings by Judge Williams and the whole record, Judge Williams

heard the venue matter at a time when there was no existing order on the venue matter.

Appellant next reasons that no libel was proved. Judge Salinas went to Jim Wells County during January, 1953, to hear motions to quash certain indictments against the Judge of the 79th District Court. The judge of that court was disqualified by reason of the indictments. When the criminal cases were called, the county attorney and the district attorney moved that the indictments be dismissed and asserted, "at this time there is insufficient evidence to sustain a conviction." Judge Salinas granted the State's motion to dismiss.

The appellant, J. T. Canales, upon learning that Judge Salinas had granted the State's motion to dismiss the indictments, commenced a series of letters and telegrams to various persons and articles in a newspaper called "La Verdad." These continued for a period of six months. Among other things, J. T. Canales charged that Judge Salinas did a thing which was unethical and immoral, that he illegally injected himself as special district judge in order to protect a corrupt county judge, that he was ignorant of the law, or deliberately was violating the law and his oath as judge; that he, J. T. Canales, would seek his removal for incompetency, ignorance, or corruption, that Judge Salinas should be impeached, that he had sold himself to evil. He wrote that Judge Salinas was particeps criminis in protecting another who was indicted for a misdemeanor and felony, such as cheating and swindling. J. T. Canales later spoke of his writings as those of a surgeon who was cutting away a "moral cancer" to save the patient, and declared that Judge Salinas had repented "by running away and refusing to be made a cat's paw of wicked politicians."

Appellant, Canales, presents the point that he, as a lawyer, has an absolute privilege concerning his statements about a member of the judiciary, and that as a lawyer there is no libel even if the statements are untrue. J. T. Canales is an attorney who resides in Cameron County, and he was in

no way concerned with the indictments or motion to dismiss presented to Judge Salinas, other than as one of several thousand other Texas lawyers. The absolute privilege is claimed by reason of the provisions of the State Bar Act. Article XII of the Rules of the State Bar of Texas, 1 Vernon's Ann.Civ.Stats. following article 320a–1, states the grounds and procedure for disciplinary action against members of the Bar. At some length it provides procedures before a grievance committee. Section 36 of Article XII provides:

"Neither the State Bar, its "Grievance Committees, nor any member thereof shall be liable to any member of the State Bar, or to any other person charged or investigated *by the Committee,* for any damages incident to such investigation, or any complaint, charge, prosecution, proceeding, or trial."

Article XIII, Section 3, subd. 1, provides in part: "Whenever there is proper ground for serious complaint of a judicial officer, it is the right and duty of a member to submit his grievances *to the proper authorities.* In such cases, *but not otherwise,* such charges shall be encouraged and the person making them protected."

 Appellant, Canales, argues that these provisions are an absolute privilege for his writings. The record before us shows that the writings were published in book form and were sold through "La Verdad." The record does not show that any of the statements were presented to a grievance committee or any other proper authority, and no formal complaint was ever made. The State Bar Act has not, nor has any other law, designated La Verdad as the proper authority for complaints against the professional qualifications or character of members of the State Bar of Texas. The canons relied upon require the grievances to be submitted to a proper authority, "but not otherwise." Mr. Canales abandoned any right to an absolute privilege when he abandoned the legally designated procedures through the proper authorities.

Appellant, Canales, also reasons that there is no proof of malice. Mr. Canales delivered the articles to La Verdad for the purpose of publication. He later had them republished in book form, and La Verdad advertised them for sale over a period of several months. The repetition and republication of charges may establish malice. Behee v. Missouri Pac. Ry. Co., 71 Tex. 424, 9 S.W. 449; Missouri Pac. R. Co. v. Behee, 2 Tex.Civ.App. 107, 21 S.W. 384; Newell, 4th Ed. p. 322; 33 Am.Jur., Libel and Slander, § 268. Also, in a letter to one of the directors of the State Bar of Texas, Mr. Canales stated that he wanted Judge Salinas to "get a full dose of his own medicine."

The judgment is affirmed.