

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 10, 1977

The Honorable Oscar B. McInnis
Criminal District Attorney
Hidalgo County
Edinburg, Texas   78539

Opinion No. H-952

Re:  Propriety of per diem
payments to visiting
official court reporter
from another district.

Dear Mr. McInnis:

You advise that the official court reporter for the 117th District Court in Nueces County substituted for the official court reporter of the 206th District Court of Hidalgo County when the judge of the 117th District Court was temporarily assigned to hold court for the judge of the 206th District Court in Hidalgo County.  You ask:

> Can we . . . pay a visiting court reporter
> from another district per diem?

Official court reporters are sworn officers of the court appointed by district and criminal district judges. V.T.C.S. art. 2321.  The last paragraph of article 2326a, V.T.C.S., states:

> [W]henever any official or deputy official shorthand reporter is called upon to report the proceedings of any special term of court, or on account of the sickness of any official shorthand reporter of any Judicial District, necessitating the employment of a shorthand reporter from some other county within the state, then the shorthand reporter so employed shall receive and be paid all actual and necessary expenses in going to and returning from the place where he or she may be called on to report the proceedings of any regular or special terms of court.

Assuming, without deciding, that this court reporter falls within article 2326a, we do not believe it authorizes him to receive per diem.

Attorney General Price Daniel considered an almost identical question from Harrison County in Attorney General Opinion V-446 (1947).  He was advised that the regular shorthand reporter for the 71st Judicial District Court there became ill and that the official reporter for the 4th Judicial District in another county substituted for him. The inquiry to Attorney General Daniel was:

> If . . . [the visiting reporter] should be paid under the last paragraph of Article 2326a, that is, his actual and necessary expenses in going to and returning from the place where he or she may be called on to report the proceedings, then is he entitled to any per diem in addition to his necessary and actual expenses?  Id. at 1-2.

After deciding that the visiting reporter should receive actual and necesary expenses, the opinion answered:

> [I]t is the opinion of this Department that the substitute court reporter who is the official court reporter for the 4th Judicial District would not be entitled to any per diem in addition to the actual and necessary expenses.  He would, of course, continue to draw his regular salary from the county or counties in which he is regularly employed.  Id. at 4.

We believe the conclusion of Attorney General Opinion V-446 is sound.  See also Attorney General Opinion V-959 (1949).

It has been suggested article 2323 requires that per diem in addition to expenses be paid visiting official court reporters.  That statute provides in pertinent part:

> In case of illness, press of official work, or unavoidable disability of the official shorthand reporter to perform his duties . . . the judge of the court may . . . authorize

a deputy . . . reporter to act during the
absence of said official . . . reporter, and
said deputy . . . shall receive, during the
time he acts . . . the same salary and fees
as the official . . . reporter . . . but
said official . . . reporter shall also receive
his salary in full during such temporary
disability to act.  The necessity for a deputy
official . . . reporter shall be left entirely
within the discretion of the judge of the court.

When an official court reporter of one judicial district substitutes for an official court reporter of another judicial district, he does not thereby become a deputy official reporter of the judicial district in which he is substituting; he merely performs additional duties of his own office. Compare Bexar County v. Gazley, 172 S.W.2d 702 (Tex. Civ. App. -- San Antonio 1943, no writ) with Groves v. Gould, 102 S.W.2d 1114 (Tex. Civ. App. --Ft. Worth 1936, no writ), for distinctions between an official reporter of a judicial district and a deputy official reporter for the district.

We do not believe article 2323 is applicable to a substitution by the official court reporter of one judicial district for the official court reporter of a different judicial district.  Consequently, we answer your question in the negative.

### S U M M A R Y.

A visiting official court reporter from
a judicial district in another county who
substitutes for the official court reporter
of the county visited is not entitled to be
paid per diem for services rendered to the
county visited in addition to expenses.
A visiting court reporter covered by article
2326a, V.T.C.S. is entitled to receive his
actual and necessary expenses and continues
to draw his regular salary from the county
or counties in which he is regularly employed.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3977

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb