Tommy GOFF, Petitioner,

v.

Ernst TUCHSCHERER, Respondent.

No. C–369.

Supreme Court of Texas.

Jan. 27, 1982.

Rehearing Denied Feb. 24, 1982.

Jones, Lewis & Pettitt, Ronald B. Layer, McAllen, for petitioner.

Wilkins, Slusher, Key, Kelly & Mullin, Miles J. Mullin, McAllen, for respondent.

PER CURIAM.

 The court of civil appeals, dismissing the appeal in this venue case, held that Tommy Goff, the appellant, had not perfected his appeal within twenty days from the date the trial court overruled a plea of privilege. 614 S.W.2d 934. The procedural rules as they existed prior to January 1, 1981, apply to this case because the trial court's orders in question were made during November 1980. This court has jurisdiction because the decision of the court of civil appeals in this cause on its face conflicts with the prior decision of another court of

civil appeals in *Canales v. Salinas*, 288 S.W.2d 207 (Tex.Civ.App.—San Antonio 1956, writ dism'd). *See John Farrell Lumber Co. v. Wood*, 400 S.W.2d 307 (Tex.1966); Tex.Rev.Civ.Stat.Ann. art. 1821.

The trial court conducted a venue hearing on September 18, 1980; on November 5, 1980, the judge wrote a letter stating that he had overruled the plea of privilege. The letter also called on counsel to prepare and present an appropriate order reflecting that ruling. On November 26, 1980, the trial judge signed a formal order overruling the plea of privilege, and Goff perfected his appeal the next day, November 27. If time is counted from the date of the letter rather than the date the judge signed the formal order, more than twenty days elapsed.

In *Canales v. Salinas, supra,* the trial judge also wrote all counsel a letter stating his ruling on a plea of privilege. The judge included with his letter an unsigned suggested order, and he asked counsel to make suggestions. The court of civil appeals held in *Canales* that including a draft of an order manifested an intent that the letter was not the final appealable order. The trial judge in this cause also called on counsel to submit a draft of a final order, showing that the letter was not intended as the appealable order. The two decisions, thus, conflict.

 Rule 306a, Tex.R.Civ.Pro., and other related rules were adopted for the purpose of making more definite the time from which an appeal had to be perfected. *See Proposed Changes in Rules*, 8 Tex.B.J. 405, 407 (1945). The rule provides that appellate steps will run from the day the judge signs a judgment, decision or order. *Burrell v. Cornelius*, 570 S.W.2d 382 (Tex. 1978). The time from which one counts days for the appellate steps is that day on which the judge reduces to writing the judgment, decision or order that is the official, formal and authentic adjudication of the court upon the respective rights and claims of the parties. *See* Black's Law Dictionary 712 (Rev. 4th ed. 1968). Letters to counsel are not the kind of documents

that constitute a judgment, decision or order from which an appeal may be taken.

The decision of the court of civil appeals is contrary to Rule 306a. Pursuant to Tex. R.Civ.Pro. 483, we grant the application for writ of error, and without hearing argument, we reverse the judgment of dismissal by the court of civil appeals and order the cause reinstated. We remand the cause to the court of appeals for disposition of the cause upon the merits.