NO. 07-07-0480-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 9, 2008
                                       ______________________________

IN RE ROB L. NEWBY, RELATOR
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON PETITION FOR WRIT OF MANDAMUS
          Before us is the pro se petition for writ of mandamus filed by relator, Rob L. Newby. 
Relator seeks an order compelling a ruling by the Honorable Stuart Messer, judge of the
100th judicial district court,


 on the following motions filed by relator in that court: (1)
“Motion Requesting Issuance of Citation and Service of Process”; (2) “Motion to Recuse”
(former judge of the 100th judicial district court, David McCoy); and (3) “Motion for
Appointment of Counsel.” 
          A letter from Judge Messer to relator addresses each of these motions. It states
that relator’s motion to recuse Judge McCoy is moot as Judge McCoy is no longer the
judge presiding over relator’s case; relator’s motion for court appointed counsel is denied;
and by separate document the district clerk was ordered to forward specified documents
of record to the attorney general. The letter bears the file mark of the district clerk. 
          We first consider whether the letter of Judge Messer constitutes an order on
relator’s pending motions. In general, letters from the court to counsel are not the type of
documents that constitute a judgment, decision, or order. See Goff v. Tuchscherer, 627
S.W.2d 397, 398-99 (Tex. 1982) (issue was whether letter or subsequent order triggered
appellate timetable). But in Goff the court’s letter directed counsel prepare and present
an order reflecting his ruling on a plea of privilege under former venue practice. Here,
Judge Messer’s letter requires no further action memorializing his rulings. Moreover, the
letter contains the name and cause number of the case, the court’s diction is affirmative
rather than anticipatory of rulings on relator’s motions,


 the letter bears a date, it was
signed by the court, and was filed with the district clerk. As such, it substantially complies
with the requisites of a formal order on relator’s motions. See Schaeffer Homes, Inc. v.
Esterak, 792 S.W.2d 567, 569 (Tex.App.–El Paso 1990, no writ) (distinguishing Goff on
letter similar to that at bar). All indications are that Judge Messer intended that the letter
and the separate order to the district clerk constitute his orders on relator’s three motions.


 
We, therefore, find Goff distinguishable from the matter at bar. We conclude Judge
Messer’s letter constitutes an order expressing his ruling on each of relator’s motions.



          We now turn to relator’s petition for writ of mandamus. Relator has asked us to
compel Judge Messer to rule on his three motions. Judge Messer has provided relator
with an order expressing his rulings on the motions. We, therefore, find relator’s petition
for writ of mandamus is moot. Without reaching the merits of the petition we dismiss it as
moot.
          It is so ordered.
 
                                                                                      Per Curiam