**Order filed August 30, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00233-CV
_____

**EDDIE L. ODOM, Appellant**
**V.**
**ENDEAVOR ENERGY RESOURCES, L.P., Appellee**

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV-47,186**

## O R D E R

Eddie L. Odom filed a notice of appeal after the trial court issued two letters concerning its findings and judgment. Endeavor Energy Resources, L.P. has filed a cross-appeal based upon those letters. When we received the notices of appeal, we notified the parties by letters dated August 6, 2013, and August 19, 2013, that it appeared to this court that no final, appealable judgment had been entered.

Except for "a few mostly statutory exceptions," this court's jurisdiction is limited to appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We determine whether a judgment is a final, appealable

judgment based on the language in the judgment and the record of the case. *Id.* A judgment is final and appealable if it disposes of all parties and all claims in the case. *Id.* Generally, letters to counsel do not constitute a judgment or order from which an appeal may be taken. *Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982). When a trial court requests that counsel submit an order reflecting the ruling addressed in its letter, the letter is not a final appealable order. *See id.* at 398. In both letters from which the parties in this case attempt to appeal, the trial court specifically contemplated the subsequent entry of an order to be signed by the trial court. The letters end with the following statement: "If counsel for Endeavor would kindly prepare and circulate an Order, I will sign it." Therefore, neither of the letters constitutes an order. Furthermore, on August 22, 2013, the trial court signed an order confirming that its letters were not intended to constitute orders and that, to the extent they could be considered as such, they are vacated and set aside. The trial court indicated that it would sign one final, appealable judgment at a later date.

Consequently, we abate the appeal pursuant to TEX. R. APP. P. 27.2 to permit the trial court to enter a final judgment. If a final, appealable judgment has not been entered by September 19, 2013, this court may dismiss this appeal. *See* TEX. R. APP. P. 42.3. If a final judgment is entered by that date, the parties are ordered to notify this court immediately.

The appeal is abated.

PER CURIAM

August 30, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Judge Herod.[1]

Willson, J., not participating.

---

[1]Steven R. Herod, Judge, 91st District Court, Eastland, sitting by assignment.