# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-15-00651-CV

**The Estate of Harvey L. Schwartz, Deceased, by and through the Independent Executor
of the Estate of Harvey L. Schwartz, Kenneth C. Schwartz, Appellant**

**v.**

**The Estate of Dorothy J. Schwartz, Deceased; Michael Wayne Taylor;
and Tana Sue Pyssen; Appellees**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
### NO. D-07-0057-C, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## MEMORANDUM OPINION

We withdraw our opinion and judgment dated April 26, 2016, and substitute the following opinion and judgment in their place.

This appeal arises from a suit filed by Kenneth C. Schwartz, on behalf of the Estate of Harvey L. Schwartz, seeking to recover for certain transfers of property made prior to Harvey L. Schwartz's death. Appellant seeks to appeal the trial court's rulings on two summary judgments in favor of appellees. Appellees have now filed a motion to dismiss, asserting that appellant's notice of appeal was untimely and, as a result, this Court lacks jurisdiction to consider this appeal. *See* Tex. R. App. P. 25.1(b); *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.)

("The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed notice or extension request, we must dismiss the appeal.").

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In a civil case, the appeal of a final judgment is generally perfected when a notice of appeal is filed within 30 days after the judgment is signed. *See* Tex. R. App. P. 26.1. However, when a motion for new trial or other post-judgment motion specified in Rule 26.1(a) is timely filed, a notice of appeal must be filed within 90 days after the judgment is signed. *Id*. R. 26.1(a). The summary judgments that are the subject of this appeal were signed by the trial court on September 4, 2009, and on June 2, 2014, respectively. Because appellant timely filed a motion for new trial following the June 2 summary judgment, his notice of appeal was due by September 1, 2014. Appellant did not file his notice of appeal until October 13, 2015.

In response to the appellees' motion to dismiss, the appellant does not dispute that his notice of appeal was filed more than 90 days after the last summary judgment was signed on June 2, 2014. Instead, appellant asserts that following the trial court's signing of the June 2014 summary judgment, it was unclear whether the summary judgment disposed of all pending parties and claims and, thus, was final and appealable. *See Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex. 1991) (summary judgment that does not dispose of all parties and issues in pending suit is interlocutory and not appealable unless severance ordered). In effect, appellant contends that the summary judgments that are the subject of this appeal are, at least potentially, interlocutory orders.

"[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its

language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. Here, appellant does not point to any claim or party in the suit that remained following the trial court's grant of summary judgment on June 2, 2014. Instead, appellant asserts that the June 2014 summary judgment does not contain clear and unequivocal language indicating that it was intended to operate as a final judgment. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) ("Because the judgment does not dispose of all claims, it cannot be final unless its words 'unequivocally express' an 'intent to finally dispose of the case.'") (citing *Lehmann*, 39 S.W.3d at 200). Appellant requests that we "abate the appeal and remand the case to the trial court for clarification or finalization by the trial court to ready the case for proper appeal."

Although an appellate court may, when it is uncertain about the intent of the trial court's order, abate the appeal to "permit clarification by the trial court," we decline to abate this appeal for clarification. *See Lehmann*, 39 S.W.3d at 206. Assuming the June 2014 summary judgment represents a final summary judgment, as appellees contend, then appellant's notice of appeal is untimely, and as a result, we lack jurisdiction to the consider this appeal. Conversely, if the June 2014 summary judgment is interlocutory, as appellant suggests, then we lack jurisdiction to consider this appeal—absent a subsequent final judgment in the record—because the June 2014 summary judgment is not a final judgment. *See Hood*, 815 S.W.2d at 547. Any determination, either by this Court or the trial court, of whether the June 2014 summary judgment is final or interlocutory would serve no purpose with respect to our jurisdiction over this appeal.

Moreover, the trial court has already considered the issue of whether the June 2014 summary judgment operates as a final judgment and determined that it does. On August 21, 2015,

3

appellees filed a motion to dismiss for want of prosecution, stating that "[a] question exists as to whether the June 2, 2014 summary judgment is a final judgment." The trial court did not rule on the motion to dismiss but instead informed the parties by letter, on or about September 15, 2015, that "as far as this Court is concerned, the judgments are final, and absent a contrary order from the Third Court of Appeals, no further argument on this case will be heard." We see no reason to believe that, if remanded, the trial court would now conclude that the June 2014 summary judgment is interlocutory.[1]

In the alternative, appellant asserts that the trial court's September 15 letter, when considered together with the two summary-judgment orders, operates as a final appealable judgment. According to appellant, because he filed notice of appeal in the trial court within 30 days of the trial court's letter, he timely perfected this appeal.

Generally, letters to counsel are not the kind of documents that constitute a judgment, decision, or order from which an appeal may be taken. *Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982) (per curiam). A letter may constitute an appealable judgment or order only if

---

[1] If we were to remand this case to the trial court, appellant would be tasked with convincing the trial court that, contrary to its prior determination, the June 2014 summary judgment was *not* a final judgment, and as a result, appellant may proceed with his suit. Nevertheless, appellant has made no attempt to explain or to demonstrate to this Court how the June 2014 summary judgment failed to dispose of all remaining parties and claims and thus operates as an interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-193 (Tex. 2001). Instead, appellant emphasizes that following the trial court's grant of summary judgment, appellees represented that the June ruling was likely interlocutory and not final. However, even if appellees made such representations, they have no bearing on whether the June 2014 summary judgment is, in fact, an interlocutory order. It was incumbent upon appellant to preserve his appellate rights to the extent there was any uncertainty with respect to the finality of the order. *See id.* at 196. ("A party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal.").

it substantially complies with the requisites of a formal judgment or order. *See Perdue v. Patton* 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.) (concluding that letter to party granting motion for new trial was not "order" for purposes of Rule 329b of Texas Rules of Civil Procedure); *General Elec. Capital Auto Fin. Leasing Servs. v. Stanfield*, 71 S.W.3d 351, 354 (Tex. App.—Tyler 2001, pet. denied) ("[A] letter from the trial judge can constitute a judgment if the letter satisfies the requirements of a valid judgment."). In part, the judgment or order must be reduced to writing, signed by the trial court, and promptly filed with the clerk of the trial court. *See Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ). Further, the writing must "evidenc[e] a decision actually rendered [and] describ[e] such decision with certainty as to parties and effect." *Id*.; *see Gilbert v. Rain & Hail Ins*., No. 02-13-00468-CV, 2014 WL 670703, at *1) (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op.) (per curiam); *see also Perdue*, 142 S.W.3d at 602 (noting that necessity of "written order that is express and specific" applies equally to measure of time for appellate deadlines and for determining motion for new trial). The focus of the analysis is whether the trial judge, at the time he signed the letter, intended that it be a final appealable judgment or order. *See General Elec. Capital*, 71 S.W.3d at 355.

Upon review of the record, we conclude that the letter at issue does not constitute a judgment or order by which appellant's deadline for filing his notice of appeal began to run. *See* Tex. R. App. P. 26.1; *see also* Tex. R. Civ. P. 306a (period to run from signing of judgment). The letter does not evidence a decision actually rendered but instead merely explains for the benefit of the parties and counsel why the judge was refusing to rule on appellees' pending motion to dismiss for want of prosecution. In addition, the trial court's letter is not dated and was not filed with the district

clerk.**²** Consequently, there is no indication that the trial judge intended that the letter operate as a final appealable judgment or order.

Whether the June 2014 summary judgment is final or interlocutory, we lack jurisdiction to consider this appeal. Therefore, we grant appellees' motion and dismiss the cause for want of jurisdiction. *See* Tex. R. App. P. 42.3.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed on Appellees' Motion on Motion for Rehearing

Filed: October 5, 2016

---

**²** The fact that the letter is not dated or file-stamped, standing alone, makes it impossible for us to determine whether appellant's subsequent notice of appeal was timely filed, even if we were to conclude that the letter was intended to operate as a final judgment. *See* Tex. R. App. P. 26.1.