

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-19-00265-CV
_____

JOSEPH WAYNE HEINRICH, APPELLANT

V.

HEATHER NEWMAN HEINRICH, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2011-557,311; Honorable Mark J. Hocker, Presiding

August 16, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Joseph Wayne Heinrich, appeals from the trial court's letter to the parties ruling on issues of conservatorship and child support for G.A.H., the child of Appellant and Appellee, Heather Newman Heinrich. The trial court's letter dated June 26, 2019, concluded by directing Appellant's trial counsel to prepare a final order for the court consistent with the letter ruling. Appellant filed a notice of appeal stating that "[w]hile

Appellant does not consider this letter ruling to be the final order of the Court, out of an abundance of caution, this notice is being filed." We now dismiss the appeal for want of jurisdiction.

This court has jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). Generally, letters to counsel do not constitute a judgment or order from which an appeal may be taken. *Goff v. Tuchscherer*, 627 S.W.2d 397, 398-99 (Tex. 1982) (per curiam). However, a letter ruling may constitute an order, triggering appellate deadlines, if the letter substantially complies with the requisites of a formal order. *In re CAS Cos., LP*, 422 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2014, orig. proceeding). Thus, a letter ruling may constitute an order if it: (1) describes the decision with certainty as to parties and effect; (2) requires no further action to memorialize the ruling; (3) contains the name and cause number of the case; (4) uses affirmative wording rather than anticipatory diction of a future ruling; (5) bears a date; (6) was signed by the court; and (7) was filed with the district clerk. *Id.*

In examining these factors, we focus on whether the trial court intended the letter to serve as a judgment or order. *Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield*, 71 S.W.3d 351, 355 (Tex. App.—Tyler 2001, pet. denied). When the document instructs the parties to prepare an appropriate final order, this is evidence that the trial court did not intend the document to be a final order. *Goff*, 627 S.W.2d at 398; *In re B.W.S.*, No. 05-15-01207-CV, 2016 Tex. App. LEXIS 12575, at *5 (Tex. App.—Dallas Nov. 28, 2016, no pet.) (mem. op.).

The trial court's June 26 letter required Appellant's trial counsel to "prepare the Final Order of the Court and submit same to the court and opposing party for approval as to form and consistent with this letter ruling." We, thus, conclude that the letter ruling was not intended by the trial court to be a final judgment and is, therefore, not a final judgment. *See Bramlett v. Tex. Dep't of Criminal Justice Inst. Div.*, No. 07-14-00122-CV, 2014 Tex. App. LEXIS 4782, at *2-3 (Tex. App.—Amarillo May 1, 2014, pet. denied) (per curiam) (mem. op.) (concluding that the trial court's letter to the parties was not intended to operate as a final order as the letter requested counsel to prepare an order reflecting the court's decision).

By letter of August 6, 2019, we notified the parties that it did not appear a final judgment or appealable order had been issued by the trial court and directed Appellant to show how we have jurisdiction over the appeal. Appellant filed a response but did not establish grounds for continuing the appeal. Appellant's response stated that "[i]t is Appellant's preference that this court determine the letter ruling was not a final order and that the notice of appeal is premature, which would allow proper post judgment procedures to occur in their rightful time."

Because the trial court's letter ruling is not a final judgment or appealable order, this court does not have jurisdiction over the appeal. Accordingly, the appeal is dismissed. TEX. R. APP. P. 42.3(a).

Per Curiam