# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00380-CV

---

**Patricia A. Grant, Ph.D., Appellant**

**v.**

**Richard W. Heo, et al., Appellees**

---

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2012V-126, THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This attempted interlocutory appeal arises out of appellant's petition seeking to compel partition of land and mineral rights. On July 21, 2021, the trial court sent a letter to the parties, stating that "at least some of the parties" did not oppose partitioning appellant's interest out of the tract and asking that the parties either file an agreed order detailing appellant's undivided ownership interests or execute partition deeds, thus "saving all parties some time and expenses." Appellant filed objections to the letter and then filed notice that she was setting her motion for summary judgment for a hearing in late August. After appellee Richard W. Heo informed the trial court that he was in the process of acquiring the interests from "[m]ost of the defendants," the trial court sent another letter on August 4 stating that it was staying all actions on its own motion until November 1 to allow appellee Heo to "purchase[] all the undivided interests he is able to acquire." The court stated it "believes this is the most appropriate way to proceed since it will simplify the case with regard to the joinder of necessary parties, service of

citation, costs, etc." The court also stated that it was canceling appellant's hearing on her motion for summary judgment. Appellant objected to that letter and filed her notice of appeal, stating she was appealing from the court's July 21 and August 4 letters.

We sent appellant a letter asking her to explain how this Court could exercise jurisdiction over the appeal, observing that letters from a trial court are not generally subject to appeal, *see Goff v. Tuchscherer*, 627 S.W.2d 397, 398-99 (Tex. 1982); *Schwartz v. Schwartz*, No. 03-15-00651-CV, 2016 WL 5874873, at *2 (Tex. App.—Austin Oct. 5, 2016, pet. denied) (mem. op.), and that the rulings did not appear to be the kind of order or judgment from which interlocutory appeal could be taken, *see* Tex. Civ. Prac. & Rem. Code § 51.014.

Appellant responded, contending that the trial court's letters "constitute final orders with decisions and judgements impacting" her hearing on summary judgment and substantially comply with the requisites of a formal judgment or order. *See Schwartz*, 2016 WL 5874873, at *2. She also asserts that the letters are "evidence of [the court's] decisions actually rendered" and that, because she "is legally questioning their sales as statutory fraud," they "are all evidence informing of judge's judgement and directives finality at the time of signing" and "are finalities granting appellant review jurisdiction."

We have reviewed the content of the trial court's letters, and they do not amount to the kind of judgment or order that can be appealed. *See id.* And, as we observed in our notice to appellant, even if we could view the letters as such, neither of them is the type of ruling from which an interlocutory appeal may be taken. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("We strictly apply statutes granting interlocutory appeals because they are a narrow

2

exception to the general rule that interlocutory orders are not immediately appealable.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: November 3, 2021