**Affirmed and Opinion Filed June 8, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00893-CV**

**CIBIL KURIAKOSE VADACKANETH, Appellant**
**V.**
**SEENA SEBASTIAN ASARIYATHU, A/K/A SEENA MATHEW, Appellee**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-06642**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

Appellant Cibil Kuriakose Vadackaneth filed this suit below as a petition for bill of review, attempting to re-open the case in which he and appellee Seena Mathew were divorced in 2017. Vadackaneth appeals the trial court's September 12, 2021 Order Dismissing Petition for Bill of Review (the Order), which dismissed his claim and awarded Mathew attorney's fees as a sanction. Vadackaneth appears in this Court, as he did below, pro se. We understand his four appellate issues to contend that: (1) the trial court made its decision that his claim had no basis in law or fact based on an incomplete record of the divorce, (2) he was erroneously denied a record

of trial court hearings, (3) the Order was drafted by opposing counsel and does not include the trial court's conclusions of law, and (4) there is no record of evidence supporting the trial court's imposition of sanctions on Vadackaneth. For the reasons discussed below, we modify the Order in part; as modified, we affirm the Order.

## Background

Vadackaneth and Mathew were married in India; they came to the United States on student visas. After they had been here a number of years, Mathew filed a petition for divorce. The trial court and both parties signed an Agreed Decree of Divorce in 2017. The divorce was granted on the ground of Mathew's adultery, and the decree awarded each party the property in its sole control.[1] No children were born of the marriage.

Vadackaneth's petition in this case, filed in 2021, alleged that the divorce had been based upon fraud, and that he had discovered evidence of the fraud only after the divorce was finalized. Mathew answered the petition asserting a general denial and pleading affirmative defenses, including res judicata, waiver, and laches. Along with her answer, Mathew filed a Motion to Dismiss and for Sanctions (the Motion to Dismiss), contending that Vadackaneth had sued solely intending to harass her and that his claim had no basis in law or fact. Vadackaneth filed a jury demand, and trial was scheduled for August 2021.

---

[1] The only specific property identified was a vehicle awarded to Vadackaneth.

It appears that three hearings were held in the case: (1) on June 25, 2017, to address pretrial matters; (2) on July 2, 2021, to address Mathew's Motion to Dismiss; and (3) on September 7, 2017, to address Mathew's Motion to Sign and Enter Order Dismissing Bill of Review (the Motion to Sign Order). We address these hearings in more detail below.

But following the July 2 hearing on Mathew's Motion to Dismiss, the trial judge made these handwritten notes on the docket sheet:

# FAMILY DISTRICT COURT

| | |
|---|---|
| CASE NUMBER | DF 21 - 06642 |
| CASE NAME | Vakeckaneth |
| COURT ASSIGNMENT | 256 |

JUL 2 - 2021

DATE: _____
REPORTER: __GLENDA FINKLEY__
__ INTERPRETER

PETITIONER APPEARED:
✓ IN PERSON
✓ AND ATTORNEY
__ STIP EVIDENCE

_____

__ DISMISS GRANTED
__ DIVORCE GRANTED
__ SAPCR GRANTED
__ PER DECREE
✓ HOLD FOR DECREE

RESPONDENT APPEARED:
__ WAIVER
__ DEFAULT BY CITATION
__ DEFAULT BY POSTING
__ DEFAULT BY PUBLICATION
✓ IN PERSON
__ BY ATTORNEY
__ BY AGREEMENT

__DAVID LOPEZ__
PRESIDING JUDGE



\* Dismiss Bill of Review

No Prima facie showing

Frivilous / harrasmt

No legal basis

In trying to pay off debt

To goad & other faces + defend lawsuit

$4,651 ⁵⁶

On July 7, Mathews filed an affidavit proving up her attorney's fees in the amount of $7,036.72 along with a proposed dismissal order. Two days later, Vadackaneth filed objections to the proposed order. Mathews then filed her Motion to Sign Order, and the September 7 hearing on that motion was scheduled.

Following that hearing, the trial court signed Mathew's proposed final order. The Order recited that on July 2, the court had considered the arguments and evidence of the parties and found that Vadackaneth's petition for bill of review was "without merit." The court granted Mathew's Motion to Dismiss, stating that Vadackaneth's petition "lacks a basis in law or fact" and that Vadackaneth filed it in bad faith and to harass Mathews. The court ordered Vadackaneth to pay Mathews $7,036.72 in attorney's fees to deter any "further bad faith litigation." The court specifically found that the amount awarded was no more severe than necessary to accomplish that deterrence. Finally, the court dismissed the cause with prejudice. Our record contains no request for Findings of Fact and Conclusions of Law.

This appeal followed.

## Discussion

Vadackaneth brings four appellate issues. The issues largely require us to determine the contents of the record before us and the effect of its limited nature.

*Reliance on an Incomplete Divorce Record*

In his first issue, Vadackaneth complains that the trial court relied on an incomplete reporter's record from the divorce—attached to Mathew's Motion to

Dismiss—to conclude that he filed the current suit to harass her. Vadackaneth relies on the rule of optional completeness, which would allow him to inquire into "any other part on the same subject," and allow him to introduce "any other act, declaration, conversation, writing, or recorded statement" that would help the trial court to understand fully "the part" offered by Mathews. *See* TEX. R. EVID. 107. Vadackaneth points to his amended petition and his response to the Motion to Dismiss, which attaches more than 150 pages of exhibits, including the same divorce transcript. He alleges that the divorce transcript "was being used by the opposing counsel to misrepresent statements that were not spoken by him during the trial."

We stress at the threshold that merely attaching documents to a motion or a response to a motion does not make the documents admissible as evidence. *See Constant v. Gillespie*, No. 05-20-00734-CV, 2022 WL 1564555, at \*6 (Tex. App.—Dallas May 18, 2022, no pet.). Accordingly, the trial court's conclusion that this suit was brought to harass Mathew was not made based simply on documents attached by Mathew or Vadackaneth; the Order makes clear that the court's decision was made based on the evidence and argument offered at the July 2 hearing.

To respond more specifically to Vadackaneth's issue, our review of the documents indicates that the divorce transcript attached to Mathew's Motion to Dismiss is identical to the transcript attached to Vadackaneth's response, and both copies appear to be complete. Because Mathew did not offer only "part" of the transcript that in fairness needed to be completed, there is no issue of optional

–6–

completeness here. And as to any purported misrepresentations by opposing counsel in the Motion to Dismiss, Vadackaneth was free to offer relevant evidence that would disprove any such misrepresentations at the July 2 evidentiary hearing held for that purpose.[2]

We discern no error stemming from the documents attached to the Motion to Dismiss or Vadackaneth's response, including the transcript from the parties' divorce. We overrule Vadackaneth's first issue.

*Absence of Reporter's Record*

In his second issue, Vadackaneth asserts that he was denied a court reporter's record of the hearings in the trial court. It is true that we have no reporter's record, and the trial court's reporter has confirmed that no record was taken in the case. Indeed, Mathew argues that Vadackaneth has failed to provide any evidence in support of any of his four issues because we have no reporter's record of the hearings below. The general rule is that when there is no reporter's record, and findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain the judgment. *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.). Stated differently, we must presume that, had a transcript of the proceedings been taken, it would support the conclusions of the trial court.

---

[2] As we will discuss in the next issue, we do not know what evidence Vadackaneth offered at the hearing; we have no reporter's record.

Vadackaneth contends that he asked for records to be taken in these proceedings, but his requests were ignored. The clerk's record suggests that the issue of a record was different in each of the three hearings:

- June 25 Pretrial Hearing. Vadackaneth emailed the clerk on June 22, asking for a court reporter to transcribe the proceedings in the scheduled hearing. The clerk responded that reporters "do not take the record for pretrials." Vadackaneth replied, thanking the clerk for letting him know. A policy of not recording pretrial hearings is in line with the supreme court's discussion of those hearings in *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782–83 (Tex. 2005). The court directed in that opinion that we should presume that pretrial hearings are nonevidentiary. *Id.* at 783. Neither party in this case suggests that evidence was offered at the pretrial hearing.

- July 2, 2021 hearing on Motion to Dismiss. Our record contains no request for a reporter to take a record of this hearing. However, unlike the pretrial hearing, we know that evidence was offered at this hearing because the trial judge's Order states that he "consider[ed] the arguments and evidence of the parties" on that date. We also have the judge's notes made during or after that hearing, which convey his conclusions: that he would dismiss the petition for review; that appellant had not made a prima facie showing of his claim; that the petition was frivolous and harassing with no legal basis; and that he would sign a judgment for attorney's fees for defending the lawsuit in the amount of $4,651.56.

- September 7, 2017 hearing on Motion to Sign Order. The clerk's record contains Vadackaneth's August 30 letter to the trial court clerk asking that a court reporter "document the hearing" on this date. The letter attaches email correspondence between Vadackaneth and the clerk from early August "requesting the Court reporter to be present and [to] document the hearing" scheduled for September 7. Nevertheless, despite this request, no record was taken. This time—unlike the pretrial hearing—our record contains no reason given for the failure to take a record of the hearing.

As to the July 2 hearing, because our record contains no request for a reporter to take a record, we discern no error in the failure to take one. Without a record, we

–8–

must presume the evidence offered at that hearing on the Motion to Dismiss supports the trial court's final Order. *See Waltenburg*, 270 S.W.3d at 312.

As to the other two hearings, the supreme court has stated that "a reporter's record is required only if evidence is introduced in open court; for nonevidentiary hearings, it is superfluous." *Michiana Easy Livin' Country, Inc.*, 168 S.W.3d at 782. As we noted above, we presume the pretrial hearing was nonevidentiary, and nothing in the clerk's record or the parties' briefing suggests otherwise. Likewise, we identify no suggestion that evidence was anticipated or offered at the hearing on the Motion to Sign Order. Moreover, after that hearing, the trial court signed Mathew's proposed order that referenced only evidence offered at the July 2 hearing, making no changes to indicate that evidence had been offered at the final hearing. Because a record of these nonevidentiary hearings would have been superfluous, we conclude no error was committed in the failure to record them. *See id.*

We overrule Vadackaneth's second issue.[3]

### *Basis of Final Order*

Vadackaneth's third issue complains that the Order was drafted by opposing counsel, based upon the trial judge's notes made following the July 2 hearing. It is not uncommon for a trial judge to ask a movant to draft an order incorporating the

---

[3] Vadackaneth also complains in this issue that his demand for a jury trial was ignored. The rules of civil procedure allow a trial court to dismiss a cause without proceeding to trial when the cause lacks a basis in law or fact and the cause was filed in bad faith for the purpose of harassment. *See* TEX. R. CIV. P. 13.

trial court's rulings on a motion. *See, e.g.*, *Goff v. Tuchscherer*, 627 S.W.2d 397, 398 (Tex. 1982) (judge sent letter "call[ing] on counsel to prepare and present an appropriate order reflecting that ruling"); *Bolinger v. Contreras*, No. 13-21-00151-CV, 2021 WL 3411867, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 5, 2021, no pet.) (mem. op.) ("We note that as a matter of practicality, one party will often draft a proposed order for the trial court to sign."). The court's rulings may have been made orally or within notes or a memorandum sent to counsel. But the proposed order is not effective until it is signed by the trial court, so if the drafting attorney's proposal does not comport with the trial court's rulings, the court can change or simply reject the proposed order. It was not error for Mathew's counsel to draft a proposed order based upon the trial court's notes from the July 2 hearing.

We conclude further that the court's Order does contain the court's legal conclusions on which the dismissal and sanctions are based:

> The Court finds that the Petition for Bill of Review lacks a basis in law or fact, and that the Petition for Bill of Review was filed in bad faith for the purpose of harassing Respondent. The Court finds that an award of attorney's fees is appropriate to deter further bad faith litigation from Petitioner. The Court finds that this award of attorney's fees is no more severe than necessary to deter Petitioner's conduct.

And these legal conclusions comport with the trial court's notes.[4]

We overrule Vadackaneth's third issue.

---

[4] We discuss a non-conforming factual matter—the amount of attorney's fees—in the following issue.

–10–

*No Record of Evidence Supporting Sanction*

In his fourth issue, Vadackaneth complains that no record establishes evidentiary support for the trial court's imposition of sanctions upon him. We have concluded, as we must, that in the absence of a record of the evidentiary hearing on July 2, the trial court heard sufficient evidence to make all necessary findings in support of the Order. *See Petterson v. JGMS Investments LLC*, No. 05-15-01286-CV, 2016 WL 6124134, at *2 (Tex. App.—Dallas Oct. 20, 2016, no pet.) (mem. op.).

We do, however, acknowledge the factual inconsistency between the evidence admitted at the July 2 hearing and the amount of attorney's fees awarded in the final Order. After hearing evidence on July 2, the trial court identified the amount of attorney's fees it intended to include in the judgment as $4,651.56. But Mathew's counsel filed an affidavit on attorney's fees after that hearing, requesting $7,036.72 in fees. The billing records attached to the affidavit indicate that the final invoice to Mathew, dated July 6, 2021, was in fact for $7,036.72. However, the final legal activity charged on that invoice was performed on June 25, well before the July 2 hearing.[5] Thus, when evidence on attorney's fees was taken at the July 2 hearing, Mathew's counsel had performed all legal services for which payment was sought. For reasons we cannot know—because, again, we have no reporter's record of the

---

[5] We acknowledge that counsel unquestionably performed services for Mathew after the date of June 25. But no evidence of additional fees was presented to the trial court.

–11–

July 2 hearing—the trial court determined the appropriate amount to award was less than the total billed; that decision was within the trial court's discretion. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019) ("[A]n amount [of fees] incurred or contracted for is not conclusive evidence of reasonableness or necessity."). And because the September 7 hearing on the Motion to Sign was a nonevidentiary hearing, no evidence was available to the trial court on which to base a different decision.

We conclude, therefore, based on the presumptions we must make under Texas law, that the trial court erred in signing the proposed order insofar as it contained an amount of attorney's fees in conflict with evidence taken at the only evidentiary hearing in proceedings below. That error, on its face, caused Vadackaneth harm by imposing upon him a sanction for $2,385.16 more than was determined to be reasonable and necessary on July 2. We may modify the trial court's judgment when the record provides the evidence supporting modification. *See Reynolds v. Nagely*, 262 S.W.3d 521, 529 (Tex. App.—Dallas 2008, pet. denied); *see also* TEX. R. APP. P. 43.2(b). Accordingly, we modify the Order and change the amount of attorney's fees awarded to Mathew to $4,651.56.

## Conclusion

We modify the trial court's September 12, 2021 Order to change the award of attorney's fees from $7,036.72 to $4,651.56. In all other respects we affirm the Order.

210893f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CIBIL KURIAKOSE
VADACKANETH, Appellant

No. 05-21-00893-CV          V.

SEENA ASARIYATHU
SEBASTIAN A/K/A SEENA
MATHEW, Appellee

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-06642.
Opinion delivered by Justice
Pedersen, III. Justices Goldstein and
Smith participating.

In accordance with this Court's opinion of this date, the trial court's September 12, 2021 Order Dismissing Petition for Bill of Review is **MODIFIED** as follows:

We change the award of attorney's fees to delete $7036.72 and to replace that amount with $4651.56.

It is **ORDERED** that, as modified, the trial court's September 12, 2021 Order Dismissing Petition for Bill of Review is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 8th day of June, 2023.

–14–